## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Thrivent Financial for Lutherans,<br><br>Plaintiff,<br><br>v.<br><br>Thomas E. Perez, Secretary of Labor, and United States Department of Labor,<br><br>Defendants. | Case No. 16-cv-03289 (SRN/HB)<br><br>**ORDER** |

Andrew B. Kay, Catherine R. Reilly, Cozen O'Connor P.C., 1200 Nineteenth Street Northwest, Washington, District of Columbia 20036, Christopher L. Schmitter, and Mark L. Johnson, Greene Espel PLLP, 222 South Ninth Street, Suite 2200, Minneapolis, Minnesota 55402, for Plaintiff.

Galen Thorp, U.S. Department of Justice, Civil Division, 20 Massachusetts Avenue Northwest, Washington, District of Columbia 20530, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

Before the Court is Defendants' request for a stay of proceedings and the continuance of the summary judgment hearing currently scheduled for March 3, 2017. (*See* Feb. 15, 2017 Letter to District Judge [Doc. No. 42] ("Defs.' Letter").) Defendants inform the Court that President Trump has recently ordered the Secretary of Labor to examine the Fiduciary Duty Rule underpinning this litigation to "determine whether it may adversely affect the ability of Americans to gain access to retirement information and financial advice." *See* Memorandum for the Secretary of Labor, 82 Fed. Reg. 9,675 (Feb. 7, 2017) ("Presidential Memorandum"). Should the Secretary of Labor decide that

the Fiduciary Duty Rule is inconsistent with various criteria specified in the Presidential Memorandum, he is further instructed to "publish for notice and comment a proposed rule rescinding or revising the Rule, as appropriate and as consistent with law." *Id.* In light of this directive, Defendants argue that a stay is appropriate because the subject matter of this litigation may soon be substantially revised or even rescinded. (*See* Defs.' Letter at 2.)

Plaintiff opposes Defendants' request for a stay. (*See* Feb. 17, 2017 Letter to District Judge [Doc. No. 43] ("Pl.'s Letter").) It notes that this Court has previously required the party seeking a stay to demonstrate that it will suffer a "specific hardship or inequity if he or she is required to go forward," *Daywitt v. Minnesota*, No. 14-cv-4526 (WMW/LIB), 2016 WL 3004626, at *5 (D. Minn. May 24, 2016), and that Defendants have made no such showing. (*See* Pl.'s Letter at 1.) It further argues that Defendants rest their request for a stay on the mere *possibility* of change to the Fiduciary Duty Rule, and that such highly speculative actions are insufficient under this and other courts' precedent. (*See id.* at 2-3 (citing cases).) Finally, Plaintiff contends that the delay and uncertainty caused by a stay would not only harm its interests but the Court's interest in judicial efficiency, as a later decision by the Secretary of Labor to not change the Rule would require Plaintiff to seek emergency, expedited relief. (*See id.* at 3.)

Having carefully considered the matter, the Court agrees with Plaintiff that a stay is not warranted at this time. While the inherent power to manage a court's docket rests with the court's discretion, considerations of fairness to the opposing party mandate a presumption in favor of denying a motion to stay. *See, e.g.*, *Rumble v. Fairview Health*

*Servs.*, No. 14-cv-2037 (SRN/FLN), 2017 WL 401940, at *2 (D. Minn. Jan. 30, 2017). This presumption may be overcome based on proper facts, but the burden of doing so rests with the movant. *See, e.g.*, *Daywitt*, 2016 WL 3004626, at *5 (D. Minn. May 24, 2016) (citing *Jones v. Clinton*, 72 F.3d 1354, 1365 (8th Cir. 1996) (Beam, J., concurring)). Mere speculation about the possibility of administrative action—especially when compounded by uncertainty regarding what form that action might take—does not discharge that burden. *See, e.g.*, *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, No. 09-cv-2668 (ADM/LIB), 2011 WL 721107, at *6 (D. Minn. Jan. 5, 2011); *Yourman v. Dinkins*, No. 91-cv-2197 (LAP), 1992 WL 396833, at *1 (S.D.N.Y. Dec. 23, 1992). Here, the Court sees nothing in Defendants' submission to show that a stay is justified, particularly in light of Plaintiff's opposition to the motion. Accordingly, Defendants' request is **DENIED**.

Dated: February 21, 2017         s/Susan Richard Nelson
                                 SUSAN RICHARD NELSON
                                 United States District Judge